NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JULIAN GARCIA-MARTINEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-929

Agency No.
A201-243-459

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025**
Submitted June 6, 2025

Before: BOGGS,*** FRIEDLAND, and BRESS, Circuit Judges.

Julian Garcia-Martinez, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals (BIA) decision dismissing his appeal from an

Immigration Judge's (IJ) order denying his applications for cancellation of removal,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
Court of Appeals, 6th Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture (CAT). "Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's conclusion that Garcia-Martinez's qualifying relatives—his mother, who is a lawful permanent resident but lives in Mexico, and his United States citizen son—would not experience "exceptional and extremely unusual hardship" upon his removal from the United States, and that Garcia-Martinez is therefore ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]."

*Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at \*8 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)).  In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives."  *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63).  We review the agency's hardship determination for substantial evidence.  *See id.* at \*7.  "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion."  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the agency's determination that Garcia-Martinez did not demonstrate the required hardship for purposes of cancellation of removal.  The agency found that Garcia-Martinez's son could live with and be supported by the son's mother, and that the evidence of the son's mental health problems was limited.  As the BIA further noted, Garcia-Martinez's son was 20 years old as of the BIA's decision.  The agency also found that Garcia-Martinez's mother lives in Mexico, where she is supported by another child.  Although Garcia-Martinez disputes the IJ's findings that he is not obligated to care for his mother and that his son will be cared for by his son's mother, we lack jurisdiction to review these factual findings.  *Wilkinson*, 601 U.S. at 225.  Given the agency's findings, the record does not compel the conclusion that Garcia-Martinez's qualifying relatives would experience exceptional and extremely unusual hardship in the event of his removal.  *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at \*9 ("[T]he hardship

3 23-929

determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

2. Substantial evidence supports the denial of withholding of removal. To establish eligibility for withholding of removal, Garcia-Martinez must show "that it is more likely than not" that he will be persecuted if removed "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357 & n.5, 360 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)). This requires that Garcia-Martinez demonstrate a nexus between his past or feared persecution and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).

Although Garcia-Martinez claims he would be persecuted because of his familial affiliation, he testified that he did not know who threatened his brother Hector, and that the man who threatened his brother Rojelio, for reasons not known to Garcia-Martinez, had also threatened many other people. In these circumstances, the record does not compel the conclusion that Garcia-Martinez is more likely than not to be targeted based on his family affiliation or on any other protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

3. Substantial evidence supports the denial of CAT relief. An applicant for

CAT relief "bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The petitioner must demonstrate that he "will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

The agency found no evidence that anyone in Mexico was interested in harming Garcia-Martinez in particular and that he feared only general conditions of criminal violence and civil unrest. Garcia-Martinez's assertions that his family has been targeted by criminals, and that the Mexican government is either too corrupt or too weak to intervene, do not compel the conclusion that he faces a particularized risk of torture.

4. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 3) is otherwise **DENIED**.

**PETITION DENIED.**